IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

THERESA DIANE KNIGHT,

    Plaintiff,

v.

CAROLYN W. COLVIN,
Commissioner of Social Security,

    Defendant.

Case No. 1:15-cv-02402-SB

**OPINION AND ORDER**

**BECKERMAN, Magistrate Judge.**

This matter comes before the Court on Theresa Knight's ("Knight") application pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), for reimbursement of attorney's fees she incurred in litigating her case. The Commissioner of the Social Security Administration ("Commissioner") opposes Knight's application on the ground that the Commissioner's litigation position was "substantially justified," a finding which would preclude a fee award under the EAJA. *See Decker v. Berryhill*, 856 F.3d 659, 661 (9th Cir. 2017); 28 U.S.C. § 2412(d)(1)(A). For the reasons that follow, the Court grants Knight's application for fees under the EAJA.

PAGE 1 – OPINION AND ORDER

## BACKGROUND

Knight applied for disability insurance benefits and supplemental security income under Titles II and XVI of the Social Security Act. She alleged that her ability to work was limited by a variety of ailments, including bipolar disorder, posttraumatic stress disorder ("PTSD"), depression, and arthritis. An Administrative Law Judge ("ALJ") determined that Knight had the residential functional capacity ("RFC") to perform a modified version of the light exertion work, and that there were jobs existing in sufficient numbers in the national economy that Knight could perform. The ALJ therefore concluded that Knight was not disabled and denied her applications for benefits.

After the Social Security Appeals Council denied Knight's petition for review, thereby making the ALJ's decision the Commissioner's final decision, Knight timely appealed to federal court. On appeal, Knight argued that the ALJ erred by, *inter alia*, failing to: (1) offer legally sufficient reasons for discounting the opinion evidence provided by her treating doctor, Diane Powell ("Dr. Powell"),[1] (2) properly account for the lay witness testimony provided by Knight's partner, Jay Dee Barry ("Barry"), (3) conclude that Knight meets or equals listings 12.04 and 12.06, (4) offer specific, clear, and convincing reasons for discrediting Knight's symptom testimony, and (5) formulate an RFC and VE hypothetical that accounted for all credible limitations.

---

[1] In her opposition to Knight's fee request, the Commissioner asserts that "[t]here was no separate assignment of error challenging the ALJ's evaluation of Dr. Powell's opinion with regard to the [ALJ's RFC] assessment." (Def.'s Opp'n at 5.) The Court disagrees. (*See* Pl.'s Opening Br. at 14, "Because the ALJ improperly rejected Dr. Powell's opinion in the absence of clear and convincing reasons for doing so, this Court should reverse the ALJ's decision. This Court should credit this opinion, find Plaintiff disabled, and order the agency to award benefits," *id*. at 20, arguing that the ALJ "omitted the limitations assessed by Plaintiff's treating doctor, Dr. Powell," in formulating the hypothetical posed to a vocational expert or "VE," which was derived from the RFC).

In an Opinion and Order dated January 10, 2017, the Court reversed the Commissioner's decision and remanded for an award of benefits. In concluding that the Commissioner's decision should be reversed, the Court agreed with Knight that the ALJ had failed to offer legally sufficient reasons for discounting the opinion evidence provided by her treating doctor, Dr. Powell, and noted that another treating provider had drawn a diagnostic picture similar to Dr. Powell. *Knight v. Colvin*, No. 1:15-cv-02402-SB, 2017 WL 89573, at *8-10 & n.6 (D. Or. Jan. 17, 2017). The Court also agreed that the ALJ had failed properly to account for the lay witness testimony provided by Barry. *Id.* at *10. Specifically, the Court observed that the ALJ assigned Barry's testimony "great weight," yet the ALJ failed to account for Barry's testimony regarding Knight in assessing Dr. Powell's opinion evidence or in formulating the RFC. *See id.* ("explaining that if an ALJ finds lay testimony credible, 'the ALJ errs by failing to incorporate the limitations found in that testimony into the claimant's RFC' and the hypothetical posed to the VE" (quoting *Hughes v. Colvin*, No. 13–cv-00480–SI, 2014 WL 3546861, at *4 (D. Or. July 16, 2014))).

In the Opinion and Order, the Court also addressed a dispute about whether Knight met or equaled listing 12.04(C)(2), which is satisfied when there is a "[m]edically documented history of a chronic affective disorder of at least [two] years' duration that has caused more than a minimal limitation of ability to do basic work activities, with symptoms or signs currently attenuated by medication or psychosocial support," as well as "[a] residual disease process that has resulted in such marginal adjustment that even a minimal increase in mental demands or change in the environment would be *predicted* to cause the individual to decompensate[.]" *Id.* (citation omitted). The Court found that the ALJ erred in concluding that Knight was not presumptively disabled under listing 12.04(C)(2) because (1) Dr. Powell opined that Knight

satisfied the criteria referenced above and the ALJ had failed to provide sufficient reasons for discounting her opinion, which was entitled to great deference under Ninth Circuit case law; (2) the Commissioner relied on *post hoc* rationalizations for the ALJ's decision; and (3) a sister district court had observed that listing 12.04(C)(2) does not require evidence of past decompensation. *Id*. at *10-11.

Based on the above errors, the Court found that the RFC, and the VE hypothetical derived therefrom, was defective. *Id*. at *11. Thus, even if the Court were incorrect in finding that the Knight was presumptively disabled under listing 12.04, remand was necessary because an RFC that fails to take into account a claimant's credible limitations is defective. *See id*. Ultimately, the Court concluded that a remand for an immediate award of benefits was appropriate because if the improperly discredited evidence were credited as true (the only credit-as-true criteria at issue on appeal), the ALJ would have been required to find Knight disabled. *Id. at *12*.

The Court entered judgment on January 10, 2017, remanding to the ALJ for an award of benefits. The Commissioner did not appeal the decision. Knight then moved for attorney's fees pursuant to the EAJA, which the Commissioner opposed. The motion was taken under advisement on June 7, 2017.

## ANALYSIS

### I. LEGAL STANDARDS

The EAJA provides, in relevant part:

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . , unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). The phrase "fees and other expenses" is defined to include "reasonable attorney fees." *Id*. § 2412(d)(2)(A). "When the Commissioner seeks to avoid paying attorney fees for a prevailing party in a Social Security case, it is the Commissioner's burden to 'show[ ] that her position with respect to the issue on which the court based its remand was 'substantially justified.'" *Decker*, 856 F.3d at 664 (quoting *Flores v. Shalala*, 49 F.3d 562, 569 (9th Cir. 1995)). "Substantially justified" means that the Commissioner's litigation position had a "reasonable basis both in law and fact," and was "justified to a degree that could satisfy a reasonable person." *Id.* (citation and quotation marks omitted). However, a claimant's "success on the merits is not dispositive of an EAJA application," nor is the Commissioner substantially justified in opposing the merits simply because precedent did not squarely foreclose her litigation position. *Id.*

## II. DISCUSSION

The Commissioner opposes Knight's motion for EAJA fees, arguing that her litigation position was substantially justified. Specifically, the Commissioner argues that the "ALJ's evaluation of whether Plaintiff met or equaled the paragraph 'C' criteria of listings 12.04 and 12.06 was substantially justified, as was the Commissioner's litigation position with regard to this issue." (Def.'s Opp'n at 3.) The Commissioner thus argues that the Court should deny Knight's motion. (*Id.*)

The Court is not persuaded by the Commissioner's argument. The Commissioner characterizes the parties' dispute on appeal about whether Knight met or equaled a listing as "the issue forming the primary basis for remand." (Def.'s Opp'n at 4.) That is not the case. The primary basis for remanding to the agency was the fact that the RFC and VE hypothetical failed to account for all of Knight's credible limitations, including those found by Dr. Powell and those observed by Barry. *See Knight*, 2017 WL 89573, at *10-12 (describing the logical inconsistency

between the ALJ's treatment of Dr. Powell's opinions and Barry's testimony, describing limitations and physical manifestations found in Barry's testimony, noting that the ALJ assigned Barry's testimony great weight and was therefore required to account for her testimony in formulating the RFC, and agreeing with Knight that the RFC and VE hypothetical were deficient).

Standing alone, the ALJ's failure to account for Barry's lay witness testimony meant that remand was a foregone conclusion. *See Bray v. Comm'r Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) ("If an ALJ's hypothetical does not reflect all of the claimant's limitations, then 'the expert's testimony has no evidentiary value to support a finding that the claimant can perform jobs in the national economy.'"); *Hughes*, 2014 WL 3546861, at *4 (explaining that "if an ALJ finds lay testimony credible, 'the ALJ errs by failing to incorporate the limitations found in that testimony into the claimant's RFC' and the hypothetical posed to the VE"). When remand is a foregone conclusion, an award of EAJA fees is proper. *Compare Gardner v. Berryhill*, 856 F.3d 652, 658-59 (9th Cir. 2017) (concluding that the Commissioner's opposition to remand on the merits was unreasonable because remand was a "foregone conclusion," and therefore reversing the district court's denial of EAJA fees), *with Decker*, 856 F.3d at 665 (affirming the district court's denial of an EAJA fee motion where remand "was not inevitable" or "the only reasonable result").

In sum, it is the Commissioner's burden to demonstrate that "her position with respect to the issue on which the court based its remand was 'substantially justified.'" *Id*. at 664 (citation omitted). By addressing only one of the bases for the Court's conclusion that Knight satisfied the credit-as-true criteria, the Commissioner has failed to meet her burden with respect to the issue on which the Court based its remand. Accordingly, the Court grants Knight's application for

EAJA fees.[2] *See also id.* (stating that "it will be only a decidedly unusual case in which there is substantial justification under the EAJA even though the agency's decision was reversed as lacking in substantial evidence in the record") (citation, internal quotation marks, and ellipses omitted).

## CONCLUSION

For the reasons stated, the Court GRANTS Knight's application for attorney's fees under the EAJA (ECF No. 17).

IT IS SO ORDERED.

DATED this  6th  day of July, 2017.

                                              STACIE F. BECKERMAN
                                              United States Magistrate Judge

---

[2] The Commissioner does not challenge the reasonableness of Knight's request for $6,724.36 in EAJA fees, which is meant to compensate for 35 hours of work by her counsel. The Court has also independently reviewed Knight's fee request and finds it to be reasonable. *See generally Woll v. Comm'r Soc. Sec. Admin.*, No. 3:13-01877-MA, 2015 WL 3562191, at *1 (D. Or. June 5, 2015) ("The court has an independent duty to review the fee request to determine its reasonableness.").